**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4583-17T1

WALTER FRIEDAUER and
ROBERT FRIEDAUER as
EXECUTORS OF THE ESTATE
OF PAUL FRIEDAUER,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

KARL P. SCHEUFFER, GLENSIDE
EQUIPMENT COMPANY and
BIL-JIM CONSTRUCTION,

      Defendants-Respondents,

and

ASHBRITT ENVIRONMENTAL,
INC.,

      Defendant-Respondent/
      Cross-Appellant.
_____

Argued June 5, 2019 – Decided October 11, 2019

Before Judges Nugent and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3506-13.

Donald Kleva Greer argued the cause for appellants/ cross-respondents.

Adam M. Maurer argued the cause for respondent/ cross-appellant (Kinney Lisovicz Reilly & Wolff, PC, attorneys; Adam M. Maurer, of counsel and on the brief).

PER CURIAM

Plaintiffs Walter Friedauer and Robert Friedauer, as Executors of the Estate of Paul Friedauer, appeal the summary judgment dismissal of their wrongful death action against defendant Ashbritt Environmental, Inc. (Ashbritt). Ashbritt cross- appeals from the trial court's order denying its motion to bar as "net" the opinion of the Friedauers' engineering expert.

Ashbritt was the State's prime contractor "for hurricane or other natural disaster debris recovery, remediation and disposal in Brick [Township]" in the wake of Hurricane Sandy. Ashbritt subcontracted a portion of the work to defendant Glenside Equipment Company (Glenside), decedent Paul Friedauer's employer. Mr. Friedauer was directing traffic in the course of his employment with Glenside when he was struck and fatally injured by a Nissan Pathfinder.

In a thorough and soundly reasoned opinion, Judge Joseph P. Quinn concluded Ashbritt owed no duty to Glenside's employees while they performed

2

the subcontracted work. Based on the summary judgment record, Judge Quinn determined Ashbritt retained no control over the manner and means of how Glenside performed its work, did not knowingly engage an incompetent subcontractor, and did not subcontract inherently dangerous work.

After conducting a fact-specific and principled analysis, which included consideration of the foreseeability of injury, the relationship of the parties, the nature of the risk involved, the ability to exercise care, and the public interest, Judge Quinn found as a matter of law Ashbritt owed no duty to Glenside's employees.

Plaintiffs' engineer opined that the terms of the Ashbritt-Glenside subcontract required Ashbritt to conform to Occupational Safety and Health Administration (OSHA) regulations. According to the expert, Ashbritt's failure to comply with OSHA regulations and failure to monitor Glenside to ensure its employees complied with OSHA regulations rendered Ashbritt ultimately responsible for the safety of the work site and the fatal accident. Judge Quinn correctly noted that whether Ashbritt owed a duty to decedent posed a question for the court, not plaintiffs' engineer.

OSHA did not cite Ashbritt for any violations. Nonetheless, Judge Quinn correctly determined that non-compliance with OSHA standards, without more,

3

does not create a cause of action. Rather, OSHA standards are to be considered by the court in making the threshold determination of whether a general contractor owes a duty of care to employees of a subcontractor.

We affirm, substantially for the reasons expressed by Judge Quinn in his written decision. There is no genuine issue of fact that required resolution by a jury, and Ashbritt was entitled to summary judgment as a matter of law. R. 4:46-2(c). We add only this. Plaintiff frames the issue as whether Ashbritt was entitled to immunity. As Ashbritt correctly points out, the question is not one of immunity, but rather one of duty.

In view of our decision to affirm the dismissal of plaintiffs' complaint against Ashbritt, Ashbritt's cross-appeal challenging the denial of its motion to bar the engineer's opinion is moot.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4583-17T1